DECISION AND JUDGMENT ENTRY
This is an appeal of an order of the Washington County Court of Common Pleas sentencing the appellant, Keith Nibert, to the maximum available prison term on one count of Theft under R.C. 2913.02, a fifth degree felony.
Appellant was unemployed when on April 19, 1999, he entered the Fine Arts Building on the campus of Marietta College, Marietta, Ohio. Gail Walker, an employee of the college left her office for a short time, and when she returned she found the appellant standing in her office in front of her purse. She checked the purse to find her wallet missing. The wallet contained credit cards, blank checks and $40.00 in cash. She demanded that appellant return her wallet, which he did saying that he had found it. Appellant then exited the building and was later questioned by campus police and admitted to taking the wallet.
Appellant was indicted on one count of Theft under R.C. 2913.02, and ultimately pled guilty. The trial court sentenced him to 12 months imprisonment, the maximum available sentence for a fifth degree felony offender under R.C. 2929.14(A)(5). Appellant filed a timely notice of appeal raising the following assignment of error:
 "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM AVAILABLE PRISON TERM."
Either side may appeal a sentence that is contrary to law. The defendant may also appeal as a matter of right from the imposition of most maximum sentences. See R.C. 2953.08. An appellate court may not disturb an imposed sentence unless it finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. R.C. 2953.08(G)(1)(a) and (d); see, also, State v. Holsinger
(Nov. 20, 1998), Pike App. No. 97CA605, unreported. Clear and convincing evidence is the degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 R.C. 2929.14(C) limits imposition of a maximum sentence. Under R.C. 2929.14(C), maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. In order to impose the maximum sentence, the court must make specific findings on the record, see R.C. 2929.14(C), and give its reasons for the findings under R.C. 2929.19(B)(2)(d).
 In its journal entry, the trial court stated, "[t]he court has imposed the maximum sentence for the reason that the defendant poses the greatest likelihood of recidivism due to his lengthy criminal record." The trial court need find only one of the four criteria in R.C. 2929.14(C) in order to impose the maximum sentence. Thus, this statement complied with R.C. 2929.14(C).
 At the sentencing hearing, the trial court recited appellant's criminal history:
 "As a juvenile at age 14 on two separate dates [appellant] was convicted of auto theft in Gallia County; at age 17 he was on two separate dates convicted on two separate counts of theft; and at age 17 operating with no operator's license.
As an adult, in 1981, he was convicted of escape in Gallia — Gallia County; in 1981, grand larceny, auto theft in Mason County, West Virginia. And he received probation for both of these prior offenses. In 1982, theft by deception in Morgan County; in 1982, he was convicted in Beverly, Ohio, of giving false information to a police office[r], reckless operation, no operator's license, two counts on each of those. In 1982, his probation from Gallia County was suspended. In 1983, he was convicted in this county of breach of recognizance; and, in 1984, grand theft, two counts in Gallipolis; in 1985, probation violation in Mason County, West Virginia; in 1985, in Point Pleasant, West Virginia, false pretenses; 1985, attempted theft in Gallipolis, Ohio, and passing bad checks; 1987, he was convicted of unauthorized use of a motor vehicle; in 1987, on another date, in Gallia County, he was also convicted of theft. And in 1970 [sic], he was convicted of grand theft auto in Meigs County.
In 1987, he was convicted of theft in Gallia County. In 1989, he was convicted of theft in Gallia County. In 1990, he was convicted of theft in Gallipolis. In 1991, he was convicted of theft in Gallia County. In 1992 and '93, he had convictions of theft in Gallia County and, in 1995, he had a theft conviction in Gallia County. In 1996, he had a petty theft conviction in Meigs County. In 1997, he had disorderly conduct and criminal trespass in Gallipolis, in 1998, he had a criminal trespass in Gallia County. In 1999, he had on two separate dates breach of recognizance in Washington County."
We conclude this statement satisfies the requirements of R.C.2929.19(B)(2)(d) that the court give its reasons for concluding that recidivism is likely.
Appellant does not challenge this recitation of his criminal background. Instead, appellant claims that the "[t]he maximum prison term imposed in this case was not supported by the evidence." However, prior convictions may be treated as indicators that an offender will commit future crimes. See State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28, unreported. In this case, appellant's repeated criminal conduct is a strong indication that he will commit future crimes, and is sufficient evidence of record to support the trial court's finding that "defendant poses the greatest likelihood of recidivism." There was no evidence presented that would "clearly and convincingly" mitigate the weight of appellant's 25-year criminal history.
 Upon review of the judgment entry and hearing transcript, we conclude that the trial court made the requisite findings under R.C. 2929.14(C) to impose the maximum sentence; that it gave its reasons on the record for imposing the maximum sentence in accord with R.C. 2929.19(B)(2)(d); and that the reasons were supported by sufficient evidence of record. The trial court did not deviate from statutory guidelines in imposing the maximum sentence in this case.
The judgment entry of the trial court is affirmed.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _______________________ William H. Harsha, Judge
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.